FILED
SUPERIOR COURT
OF GUAM

2022 SEP 22 AM 11: 21

CLERK OF COURT

BY:_____

IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| BRIANNA LYNN MENO, as Special Administratrix of the Estate of Justin Roy Meno,<br><br>Plaintiff,<br><br>vs.<br><br>GOVERNMENT OF GUAM,<br><br>Defendant. | CIVIL CASE NO. CV0304-20<br><br>DECISION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT |

## I.  INTRODUCTION

This matter came before the Honorable Judge Maria T. Cenzon on June 24, 2022 for a hearing on the Government of Guam's (the "Defendant") Motion for Summary Judgment (the "Motion") which was filed on March 11, 2022.[1] The Defendant was represented by Assistant Attorney General Janice M. Camacho. Attorney Delia Lujan Wolff of Lujan & Wolff LLP appeared on behalf Brianna Lynn Meno, As Special Administratrix of the Estate of Justin Roy Meno (the "Plaintiff"). Attorney Gloria Rudolph previously appeared on behalf of the Plaintiff when she was a member of the Lujan & Wolff LLP Firm; however, the record shows that

---

[1] The Court previously dismissed the Plaintiff's claim for wrongful death, thus, Plaintiff's claims arise in negligence. See *Decision and Order Re. Government's Motion to Dismiss the Amended Complaint Under GRCP 12(b)(1) and 12(b)(6) and Motion to Strike Under 12(f)(Renewed)*(Apr. 12, 2021)(the "April 2021 Decision and Order").

Attorney Rudolph had separated from the Firm sometime after the Government filed the instant Motion.

Following oral argument, the Court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001 and CVR 7.l(e)(6)(A) of the Local Rules of the Superior Court of Guam. Having duly considered the timely filed pleadings on the record, the arguments presented at the Motion Hearing, and the applicable statutes and case law, the Court now issues the following Decision and Order **GRANTING** Defendant's Motion for Summary Judgment.

## II.    BACKGROUND

On or about March 17, 2017, Justin Roy Meno (the "Decedent" or "Mr. Meno") was arrested and booked into the Department of Corrections. Am. Compl. ¶ 11 (July 27, 2020).[2] A few days later, he was found beaten and was immediately transported to the Guam Memorial Hospital. *Id.* at ¶ 14-15. On or about September 11, 2017, approximately six months later, Mr. Meno was pronounced dead. *Id.* at ¶ 16. The Administratrix of his estate filed suit against the Government, alleging that Mr. Meno's dealth resulted from the Defendant's negligence. Specifically, the Plaintiff alleges that on or about March 29, 2017, all inmates in the maximum-security unit Post 6 were negligently released from their cells due to an unexpected flooding in the Post and, that as a direct and proximate result of Defendant's grossly negligent acts and/or omissions, the Decedent was "severely beaten [and found] unconscious, drenched in water, and bound and gagged" all of which ultimately led to his death. *Id.* at ¶¶ 12-17. Plaintiff's complaint included a wrongful death claim but it was later dismissed by this Court due to a lack of

---

[2] The Defendant contests that that actual date of Decedent's arrest and booking into the Department of Corrections was March 15, 2017. Answer ¶ 6 (Apr. 16, 2021).

standing and subject matter jurisdiction. *See* Decision and Order (Apr. 12, 2021). Afterwards, only Plaintiff's negligence claims remained. *Id.*

In its Motion, the Defendant advances several theories upon which they maintain adjudication of this matter on summary judgment would be proper, including, significantly, that the relief Defendant seeks is precluded by statute and, further, that Defendant cannot establish proof of a material element of her claim regarding damages. *See* Deft.'s Br. (Mar. 11, 2022). Defendant also posits that the Court should disregard Plaintiff's untimely reply to the Motion, which was a document styled as, "Declaration of Delia Lujan Wolff In Opposition to Defendant Government of Guam's Motion For Summary Judgment," (the "Wolff Declaration") and filed on June 24, 2022.

Pursuant to Rule 7.1 of the Local Rules of the Superior Court of Guam ("CVR"), Plaintiff's opposition brief was due twenty-eight (28) days after the Motion was filed, or on April 8, 2022. CVR 7.1 FORM 1(Mar. 11, 2022). The pleadings closed on April 22, 2022, without any reply from the Plaintiff. However, 61 days later, on June 23, 2022 at 4:04 PM – the eve of the Motion Hearing scheduled for June 24 – Plaintiff filed an *Ex Parte Application to Enlarge Time* pursuant to GRCP 6(b), citing "excusable neglect" due to Attorney Rudolph's departure from the Lujan & Wolff Firm. *See* Ex Parte Appl. (June 23, 2022). Then, minutes before the hearing, on June 24, 2022, at 9:15 AM, the Wolff Declaration was filed, without approval of the Court, which Declaration itself was barely over a page in length, contained no arguments in opposition to the Motion, but which contained over eighty pages of exhibits. *See* Decl. of Delia Lujan Wolff (June 24, 2022).

At the hearing, the Court denied Plaintiff's application to enlarge time on an ex parte basis, but afforded the parties an opportunity to brief the issue. Hr'g Tr. at 9:39 AM (June 24, 2022).

On July 1, however, Attorney Wolff withdrew the application to enlarge time without citing any reason for such withdrawal, and did not seek any other extension of any type for cause. *See* Withdrawal (July 1, 2022). On July 6, 2022, the Defendant timely filed an opposition, both to the application to enlarge time and to Plaintiff's Declaration and its attached exhibits, arguing that the Court should refrain from considering the documents in ruling on the Motion. *See* Deft.'s Opp'n (July 6, 2022). While Defendant's opposition to the Plaintiff's request to enlarge time is considered moot because of the Plaintiff's withdrawal of the *ex parte* application, the Court considers the arguments and the law contained in Defendant's Opposition because it clearly addresses the law which might have justified granting such a continuance, given the Court's duty to analyze an issue even if no opposition is filed by the nonmoving party.

### III. DISCUSSION

### A. THE LAW GOVERNING SUMMARY JUDGMENT

#### 1. Proponent of Summary Judgment Motion must show no genuine issue of material fact under GRCP 56.

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Guam R. Civ. P. 56(a). "A genuine issue of material fact exists when there is sufficient evidence to establish a factual dispute that must be resolved by a factfinder." *Camacho v. Perez*, 2017 Guam 16 ¶ 12 (citing *Iizuka Corp. v. Kawasho Int'l (Guam), Inc.*, 1997 Guam 10 ¶ 7 (per curiam)). In reviewing a motion for summary judgment, "[the] court must view the evidence and draw inferences in a light most favorable to the non-movant." *Id.* ¶ 13 (quoting *Gov't of Guam v. Gutierrez*, 2015 Guam 8 ¶ 26). "A movant bears the initial burden to show that undisputed facts in the record support a prima facie entitlement to the relief requested." *Hawaiian Rock Products Corp. v.*

*Ocean Hous., Inc.*, 2016 Guam 4 ¶ 27. "The movant may '[satisfy] and discharge[ ] its burden by establishing the *absence of evidence* to support the non-moving party's case.' " *Waathdad v. Cyfred, Ltd*, 2021 Guam 24 ¶ 17 (quoting *Kim v. Hong*, 1997 Guam 11 ¶ 6)(emphasis added). If the movant satisfies its burden, the burden shifts to the non-movant party to produce at least some significant probative evidence to support the pleadings. *Bank of Guam v. Flores*, 2004 Guam 25 ¶ 7. "If, after adequate time for discovery, the non-moving party 'fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial,' then Rule 56(c) requires entry of summary judgment." *Kim v. Hong*, 1997 Guam 11 ¶ 8 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In addition to the general law governing summary judgment motions, the Court considers, in tandem, the law governing claims against the Government because of the limited waiver of sovereign immunity provided under the relevant statutes.

**2.      The law governing claims against the government as well as statues regarding negligence claims defines the evidence necessary for a successful claim for negligence against a government entity.**

In addition to the general law governing summary judgment motions, the Court's analysis considers the legal framework upon which claims against the government rest. It is recognized that "[t]he Government of Guam enjoys broad sovereign immunity." *Kittel v. Guam Mem. Hospital Auth.*, 2020 Guam 3 ¶14. Because of this sovereign immunity, the Government of Guam cannot be sued absent legislation that explicitly waives that immunity. *Newby v. Gov. of Guam*, 2010 Guam ¶ 31. Such legislation is contained in Title 5, Guam Code Annotated, Chapter 6, where "[t]he Government Claims Act provides a **limited** waiver of sovereign immunity for the Government's torts." *Id.* at ¶ 32 (emphasis added). One such limit is what

damages a tort claimant can recover from the Government under the Government Claims Act.

Turning to the Plaintiff's claims, the Amended Complaint calls *inter alia*, for damages resulting:

¶31: As a direct and proximate result of the negligence, carelessness, gross negligence, recklessness, deliberate indifference to known and obvious dangers, and/or other wrongful acts and/or omissions of Defendant, **the decedent suffered conscious pain, suffering, indignity, and death.**

¶32: As a result of Mr. Meno's death, **Plaintiff sustained pecuniary and non-pecuniary losses, including, without limitations, grief, loss of society, loss of support, services, care, comfort, affection, moral support, solace, and other losses** for which recovery is authorized under applicable law.

¶33: As a further direct result of Mr. Meno's death, **Plaintiff incurred expenses for funeral, burial, and other related costs** in an amount to be determined at trial.

Am. Compl. ¶¶ 31-33 (emphasis added). As a matter of law, Guam statutes preclude the Plaintiff from obtaining such requested relief.

The Guam Supreme Court has previously acknowledged two separate actions a Plaintiff can bring under a Government Claims Act suit. *See Kittel v. Guam Memorial Hospital Authority* 2020 Guam 3 (Finding the cases there "invoke[d] both a personal injury action and a wrong death action."). Under either action, trial courts must adhere not only to the limits set forth by the Government Claims Act, but also Guam statutes governing the particular action. *Newby v. Gov. of Guam*, 2010 Guam ¶ 27 ("Accordingly, *if this was not an action against the sovereign*, 7 GCA § 12109 would apply unhindered by the caps of the Government Claims Act . . . .). Thus, because Plaintiff's only remaining claims against the Defendant sound in negligence, this Court must also look to Guam's statutes governing negligence suits.

19 GCA § 31104, titled "Personal Injury Action; Death does not Abate; Damages when Plaintiff Dies before Judgment; Assignment of Cause of Actions Prohibited" is one such statute and it reads as follows:

> A thing of action arising out of a wrong which results in physical injury to the person or out of a statute imposing liability for such injury shall not abate by reason of the death of the wrongdoer or any other person liable for damages for such injury; nor by reason of the death of a person injured or of any other person who owns any such things in action. **When the person entitled to maintain such an action dies before judgment, damages recoverable for such injury shall be limited to loss of earnings and expenses sustained or incurred as a result of the injury by the deceased prior to his death, and shall not include damages for pain, suffering or disfigurement, nor punitive or exemplary damages, nor prospective profits or earnings after the date of death.** The damages recovered shall form part of the estate of the deceased. Nothing in this section shall be construed as making such thing in action assignable.

19 GCA § 31104 (emphasis added).

The statute unambiguously precludes the Plaintiff from the relief sought in her Amended Complaint and courts in jurisdictions with statutes similar to Guam's have confirmed such a result. In *City of Los Angeles v. Superior Court*, 981 P. 2d 68, 70 (Cal. 1999), cited by the Defendant, the plaintiff sued the police department alleging sexual harassment. However, while the action was pending, the plaintiff died in a car accident. The Supreme Court of California dismissed the estate's claims for the Decedent's pain and suffering based on CC § 377.34's language that stated that "damages recoverable are limited to the loss or damage that the decedent sustained or incurred before death . . . and do not includes damages for pain, suffering, or disfigurement." CC § 377.34.

19 GCA § 31104 is based on California's statutes. *See* 19 GCA § 31104 ("SOURCE: CC § 956; added by P.L 8-115 (3/9/66)"). While California amended CC § 956 twice, once in 1961 and then again in 1991, the resulting statute, CC § 377.34 is still similar to Guam's statute

and thus the court's finding in *Superior Court* is highly persuasive. *People v. Camacho*, 2015 Guam 37 ¶ 25 ("We make look to the persuasive authority of case law interpreting similar statutes for guidance."); *Amerault v. Intelcom Support Servs., Inc.*, 2004 Guam 23 ¶16 ("Guam courts have considered courts of other states interpreting statutes similar to the law of Guam to be persuasive authority."). However, *Superior Court* is distinguishable from this case because that court held "only that . . . an estate [is precluded] from recovering damages for the deceased plaintiff's pain, suffering, or disfigurement. . . ." *Superior Court*, 981 P.2d at 79. Here, the Plaintiff is requesting in ¶ 31 of its Amended Complaint damages for the Decedent's pain and suffering. Thus, *Superior Court* only demonstrates that ¶ 31 of Plaintiff's Amended Complaint is precluded, it does not specifically address the remaining claims in ¶¶ 32 and 33, *supra*, which the Court now considers.

Paragraphs 32 and 33 of Plaintiff's Amended Complaint must also fail because they seek relief based on a survival cause of action. *See Chipman v. Nelson*, WL 5330143 at *4 (E.D. Cal. Sept. 11, 2015) ("Unlike a wrongful death cause of action, a survival cause of action is not a new cause of action that vests in heirs on the death of the decedent, but rather is a separate and distinct cause of action which **belonged to the decedent** before death but, by statute, survives the event.") (emphasis added). When analyzing CC § 377.34, cited *supra*, the Ninth Circuit held that "Section 377.34 limits damages in survival actions to the victim's pre-death economic losses." *Chaudhry v. City of Los Angeles*, 751 F. 3d 1096, 1104 (9th Cir. 2014). As a consequence, "[t]he practical effect of §377.34 is to reduce, and often to eliminate, compensatory damage awards for the survivors . . . ." *Id.* This aligns with the Court's reading of Guam's statute that Plaintiff's "damages recoverable for such injury shall be limited to loss of earnings and expenses sustained or incurred as a result of the injury by the deceased prior to his

death" and, thus, Plaintiff is precluded from receiving the relief sought in ¶¶ 32 and 33 of the Amended Complaint. 9 GCA § 31104.

### 2. Summary judgment is warranted because the Plaintiff has failed to satisfy her burden of proof as to element of damages.[3]

The four elements of the common law tort of negligence are: (1) duty, (2) the breach of such duty, (3) causation, and (4) damages. *Guerrero v. McDonald's Intern. Property Co., Ltd.,* 2006 Guam 2 ¶ 9 (citing *Leon Guerrero v. DLB Constr. Co.,* 1999 Guam 9 ¶ 1; *See also* Restatement (Second) Torts §§ 281, 282 (1988). To be entitled to summary judgment in their favor, the moving party is not required to negate each element of the non-moving party's case. *Kim v. Hong,* 1997 Guam 11 ¶ 6. As established herein, the only damages to which the Plaintiff may be entitled in this case are those which the Decedent suffered, from the time of his injury until his death. The Defendant has highlighted, and this Court finds, that the record is devoid of any evidence to support the Plaintiff's claims for such damages.

In *Weinberg v. Whatcom County,* 241 F. 3d 746 (9th Cir. 2001), the plaintiff filed a negligence suit against the government. After failing to produce any evidence of damages, the court granted summary judgment in the government's favor. On appeal, the Ninth Circuit affirmed the trial court, stating that "[b]ecause [plaintiff] failed to offer any evidence establishing the amount of damage he suffered as a result of the County's alleged negligence, the district court did not err in granting the County's motion for summary judgment on the state negligence claims." *Id.* at 752. The court explained that "[w]here discovery has been completed, summary judgment is appropriate when a party challenged by motion fails to offer evidence

---

[3] This Court previously denied the Government's motion to dismiss Plaintiff's negligence claims under GRCP 12(b), finding that it had "pled facts sufficient to establish each element [of negligence] ... to withstand a motion to dismiss based on both Rule 12(b)(1) and Rule 12(b)(6)." April 2021 Decision and Order at p. 10-11.

supporting an element of a claim on which that party bears the burden of proof at trial." *Id.*

The Supreme Court of Guam has affirmed this application to Guam cases. *See Kim v. Hong*, 1997 Guam 11¶ 8 ("If, after adequate time for discovery, the non-moving party 'fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial,' then Rule 56 (c) requires entry of summary judgment.' ") (quoting *Celotex Corp.*, 477 U.S. at 322)). Ultimately, the Ninth Circuit held that "[p]roof of damages is required because 'the purpose of a tort action is to compensate for loss sustained and to restore the plaintiff to his former position.' " *Weinberg*, 241 F. 3d at 751 (quoting Restatement (Second) of Torts § 549 (2) cmt. g (1977)). Indeed, Plaintiff "must provide evidence such that the jury is not left to speculation or guesswork in determining the amount of damages to award." *Id.* at 751 (quoting *McGlinchy v. Shell Chem Co.*, 845 F. 2d 802, 808 (9th Cir. 1988).

Since Plaintiff commenced this action on March 27, 2020, she has been afforded multiple opportunities to produce evidence of the alleged economic damages suffered. In her brief opposing Defendant's earlier motion to dismiss, the Plaintiff was similarly confronted with the issue of damages. The Plaintiff eluded what damages, if any, existed. *See* Opp'n to Mot. To Dismiss. at 4 (Oct. 19, 2020) ("The facts in this case are murky, requiring this legal process to make proper investigation. It is premature to rule that facts will not arise which justify the granting of the requested relief."). During oral argument, the Court directly asked Plaintiff's counsel what evidence existed as to the suffering of economic damages. Hr'g Tr. at 11:19 AM (June 24, 2022) ("On what evidence, or what testimony, or what supporting documents [do you rely] to establish his economic damages or earning capacity?"). Responding to Defendant's assertion that Decedent "was in and out of jail," Plaintiff argued that she could "similarly state

that he was working" based on "evidence outside of the record . . . ." *Id*. As evident from Plaintiff's necessity to rely on evidence not part of the record, the record is still devoid of any evidence supporting her damages claims, despite more than two years having passed since she commenced her lawsuit.[4]

Additionally, Plaintiff's answer demonstrates a fundamental misinterpretation of the burden shifting framework existent in summary judgment proceedings. The Defendant carries the initial burden of demonstrating they are entitled to relief, which can be satisfied "by establishing the absence of evidence to support the non-moving party's case.' " *Waathdad v. Cyfred, Ltd*, 2021 Guam 24 ¶ 17 (quoting *Kim v. Hong*, 1997 Guam 11 ¶ 6). The Defendant's Motion did so. At that point, it became the Plaintiff's burden to "produce at least some significant probative evidence tending to support the pleadings . . . ." *Bank of Guam v. Flores*, 2004 Guam 25 ¶ 7; *See also People v. Bryan*, 2019 Guam 8 ¶23 (citing to *Zahnen v. Limtiaco*, 2008 Guam 5 ¶ 28) ("A party that bears the burden of proving an issue also must produce evidence to supports its position."). Plaintiff's statements during oral argument nor anything else on the record satisfies that burden. The Supreme Court of Guam has been clear that "[s]tatements and arguments of counsel are not evidence and are not to be considered as such." *People v. Bryan*, 2019 Guam 8 ¶23 (quoting *People v. Reyes*, 1998 Guam 32 ¶ 20). Therefore, to satisfy her burden, Plaintiff must have produced something more than a statement during oral argument that was supposedly based off evidence off the record. Nothing was ever produced. "Where, as here, the opposition to a motion for summary judgment presented speculation in lieu

---

[4] In *Weinberg*, the Plaintiff sought an extension pursuant to FRCP 56(f), which was denied. *See Weinberg*, 241 F. 3d at 750-51. In this case, Plaintiff has never requested a good faith continuance or postponement of this Court's consideration of Defendant's motion for summary judgment. Thus, this Court finds that Plaintiff has failed to diligently defend its case. GRCP 56(d) is the equivalent of FRCP 56(f).

of specific facts, the granting of summary judgment is appropriate." *Guerrero v. McDonald's Intern. Property Co., Ltd.*, 2006 Guam 2 ¶ 9 (citing *Merrill v. Navegar, Inc.*, 28 P. 3d 116, 132 (Cal. 2003).

It is also disconcerting that, rather than proceed with its application for an extension of time, Plaintiff's counsel deemed it appropriate to withdraw this request. Moreover, such additional time could have been provided under GRCP 56(d), at the Court's discretion, had Plaintiff filed for additional time, which allows a nonmovant to show, by affidavit or declaration, that "it cannot present facts essential to justify its opposition" and the Court may defer considering the motion or deny it, or allow time to obtain affidavits or declarations or to take discovery, or any other appropriate order. GRCP 56(d)(1) – (3). Instead, Plaintiff filed the Wolff Declaration, which neither sought additional time by its plain statements, nor explained how the untimely filed exhibits supported her claims for damages.

Having been presented with no concrete evidence of economic damages, neither this Court nor a jury need speculate on how Decedent could have suffered the economic damages Plaintiff is seeking. *Whatcom County*, 241 F. 3d at 751; *See also People v. Bryan*, 2019 Guam 8 ¶ 23. (citing *United States v. Caccia*, 122 F. 3d 136, 138-39 (2nd Cir. 1997); *In Re Samantha C.*, 847 A. 2d 883, 899-900) (Conn. 2004)) ("While a fact-finder may make inferences based on the lack of evidence, those inferences do not supply proof a particular fact, but may be used only to weigh facts already in evidence."). As such, summary judgment is warranted under GRCP 56(e).

### 3. The Court addresses Plaintiff's untimely filing as "excusable neglect."

Having granted summary judgment, the Court finds it appropriate to address the Wolff Declaration submitted untimely and as the only responsive pleading (following the withdrawal

of its ex parte application). Before addressing this matter, however, the Court emphasizes first that, having reviewed the declaration in preparation for ruling on the ex parte motion (which then became moot), summary judgment would still be warranted under the law and the exhibits submitted purportedly in opposition to the motion for summary judgment. Nothing in the over 80 pages of exhibits attached to the Declaration supports Plaintiff's claims for damages sufficient to survive the Motion, nor should the Court speculate or guess as to how the exhibits support such damages claims.

Turning to the declaration itself, the Court makes a record of its attempts to compel compliance with court scheduling orders and the local rules governing practice before the courts of Guam. Scheduling Orders, Briefing Schedules and the like are unequivocally orders of the court, and compliance with the Local Rules, the Civil Rules and all applicable rules and statutes is a mandate of both the courts as well as the Guam Rules of Professional Conduct. Rule Rule 1.1 of the Guam Rules of Professional Conduct under "Competence" requires that "A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation." And, under Rule 5.1 of these Rules, managing and all supervisory attorneys of a firm have the responsibility of ensuring that subordinate attorneys conform to the provisions of the Rules of Professional Conduct. Thus, filing of a non-responsive declaration on the eve of a hearing on a dispositive motion would appear to fail all applicable orders and rules of the Superior Court.

Currently, CVR 7.1 governs the Superior Court of Guam's motion practice. The Plaintiff violated this rule by failing to file her documents before the deadlines stated therein. *See* CVR 7.1(d). The rule also states that "[p]apers not timely filed by a party including any memoranda or other papers required to be filed under this Rule **shall not be considered without leave of**

**court.**" CVR 7.1(f) (emphasis added). Again, this Court stresses that these rules are not discretionary but mandatory. The Supreme Court of Guam tells us so. *People v. Superior Court of Guam*, 2001 Guam 26 ¶ 9. ("This court expects compliance, by both court and counsel, with the procedural rules set forth in the Superior Court."). Compliance is especially significant in this instance because the Government's limited waiver of its sovereign immunity requires strict compliance with the rules of procedure of the Superior Court of Guam. *See* 5 GCA § 6209. So as to not encourage future dismissiveness and noncompliance with the Local Rules of the Superior Court of Guam, the Guam Rules of Civil Procedure, the Rules of Professional Conduct and this Court's scheduling orders, as well as concerns with Defendant's due process rights, the Court shall, and has, disregarded Plaintiff's late filings in considering Defendant's Motion.

Apart from the Local Rules of the Superior Court of Guam, this Court also issued a scheduling order. *See* Am. Order Setting Case Schedule (Feb 4, 2022). As stated by the Plaintiff's counsel herself, "Plaintiff was given under this amended order setting case schedule 14 days thereafter which was March 25 to file an opposition." Hr'g Tr. at 9:50 AM (June 24, 2022). Again, Plaintiff did not file anything until several months later and only on the eve of the hearing. The Supreme Court of Guam has acknowledged that "[t]he failure to abide by a scheduling order 'constitutes a failure to comply with the rules of procedure as well as the failure to comply with court order and, in most instances, delays the timely resolution of the action. . . .' " *In re Estate of Concepcion*, 2003 Guam 12 ¶ 14 (quoting *McKenzie v. Scheeler*, 949 P. 2d 1168, 1172 (Mont. 1997). In *Concepcion*, the trial court refused to consider motions that were filed one month after the motion cutoff date set forth in that courts scheduling order. *Id.* at ¶ 13. The "threshold issue presented [before the Guam Supreme Court was] whether the

probate court erred in the procedural denial." *Id*. The counsel in *Concepcion* attempted to excuse their delay by claiming to be a new attorney to the case. *Id*. at ¶ 21.

Similarly, Plaintiff's counsel justifies missing the filing deadline due to "excusable neglect" because "at that time [March 25, 2022], that was the day that the attorney who was working on this case actually departed our firm and so I personally had no involvement in the preparation of any of the documents or prosecution of this case." Hr'g Tr. at 9:46 AM (June 24, 2022). As conflict of interest provisions in the Rules of Professional Conduct impute knowledge of any such conflicts to all members of a law firm, this Court similarly imputes to all members of the same firm the general knowledge of all cases in which a firm has undertaken to represent a client, based upon Rule 5.1 of the Rules of Professional Conduct. These deadlines were set *months* in advance. Thus, without any more than what was proffered at the hearing of the Motion, the Court would not find "excusable neglect," however, the Court was not given the opportunity to do so because Plaintiff had withdrawn the motion.

The Court is also concerned about infringing the Defendant's due process rights if it accepted these late filings. "The basic elements of due process are reasonable notice and an opportunity to be heard." *In re Estate of Concepcion*, 2003 Guam 12 ¶ 26 (quoting *People v. Superior Court (Laxamana)*, 2001 Guam 26 ¶ 26). In *Laxamana*, the People argued that its due process rights were violated when the trial court considered an ex parte motion despite it being in violation of the Rules of the Superior Court of Guam. The Supreme Court of Guam entertained the argument and ultimately leaned on a California case where "[t]he court found no due process violation, in part, because [the opposing party was] well prepared and argued the motion at length, thereby demonstrating that they were in fact afforded a fair hearing." The same could not be said here. The Defendant was not aware of Plaintiff's position on her

summary judgment motion because the Plaintiff never filed a reply. When the Plaintiff appeared on the day of the hearing with documents and an ex parte application, the Defendant was not prepared to argue on those documents or their admissibility and rightfully so. Ultimately, "[t]he trial judge must, however, be more conscientious in ensuring due process and compliance with the rules particularly when a party appears ex parte or submits proposed findings ex parte." *Fargo Pacific, Inc. v. Korando Corp.*, 2006 Guam 22 ¶ 67. And although the Court granted all parties an opportunity to argue whether the Court should accept the late filing, the Plaintiff withdrew the application, so there is nothing else on the record which might have supported the extension.

Even assuming *arguendo* that the untimely Wolff Declaration and its contents should be considered by this Court, doing so would not culminate in a different result. Plaintiff's Declaration and its contents seemingly advance the elements of duty and causation. However, the filing is still silent as to the proof of the element of damages and whether Decedent suffered any economic harm between the time of the injury and his death. Thus, even if the Court considered these particular documents in making its decision, summary judgment in Defendant's favor would nevertheless be warranted as no evidence on the record demonstrates a genuine issue of material fact.

To reiterate its final concerns, the Court is compelled to admonish Plaintiff's counsel for the lackadaisical handling of this case. To ignore or willfully violate the Superior Court's Local Rules, the Guam Rules of Civil Procedure, and this Court's scheduling order is far from a laudable practice, even if the violation falls upon a subordinate member of the same firm and not upon the attorney who is faced with the undesirable task of responding under these circumstances. But to file over eighty pages of documents mere minutes before the hearing,

without seeking the permission of the Court and surprising opposing party (as well as the Court) could be considered abuse of the process. Not only does this behavior unfairly surprise the Defendant, but such conduct frustrates a prepared court, a prepared party and robs *all* parties and the court of an efficient adjudication of a disputed matter. The Court admonishes all parties to simply read the rules carefully and take considered, deliberate actions when confronted with arguably the most heart-stopping circumstance of the legal profession – the passing of a deadline. This response would go a long way to advance the integrity of the process and of the legal profession while preserving the rights of all parties.

## IV.   CONCLUSION

The Court finds that the Plaintiff has failed to establish a triable issue of material fact relating to the damages element of her claim for negligence – the sole remaining cause of action in this lawsuit. The Plaintiff cannot survive summary judgment and maintain this case because she has failed to produce any evidence that the Decedent suffered any economic damages from the time of his injury until his death. Plaintiff's failure to present evidence as to this basic element entitles the Defendant to an adjudication of this matter on summary judgment. Defendant's Motion is **GRANTED**.

Judgment shall follow under separate cover.

SO ORDERED this _____ SEP 2 2 2022 _____.


_____
HONORABLE MARIA T. CENZON
Judge, Superior Court of Guam